UNITED STATES DISTRICT COURT
IN THE DISTRICT OF VERMONT

| | |
|---|---|
| HUNT CONSTRUCTION GROUP, INC., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) Docket No. 1:08-cv-65 |
| BRENNAN BEER GORMAN / ARCHITECTS, P.C., WILSON ASSOCIATES, S. DeSIMONE CONSULTING ENGINEERS, LLC, and COSENTINI ASSOCIATES, INC., | ) ) ) ) ) ) |
| Defendants. | ) |

## MOTION TO DISMISS BY WILSON & ASSOCIATES, LLC

NOW COMES Defendant Wilson & Associates, LLC (hereinafter "Wilson & Associates"), by and through its attorneys, Heilmann, Ekman & Associates, Inc. and hereby moves for dismissal of Plaintiff Hunt Construction Group, Inc.'s claims pursuant to Federal Rule of Civil Procedure 12(b)(6) and for such other relief as this Court deems just and proper.

This Court should dismiss Plaintiff's Complaint in its entirety. Counts III and IV of Plaintiff's Complaint, which respectively assert common law negligence and negligent misrepresentation claims against Wilson & Associates are each barred by the economic loss rule.

The economic loss rule prevents claimants from seeking, through tort law, to alleviate economic losses incurred pursuant to a contract. See Springfield Hydroelectric Co. v. Copp, 172 Vt. 311, 314, 779 A.2d 67, 70 (2001). The Vermont Supreme Court has described reasoning behind the economic loss rule as follows:

> Negligence law does not generally recognize a duty to
> exercise reasonable care to avoid intangible economic loss

HEILMANN, EKMAN
& ASSOCIATES, INC.
ATTORNEYS AT LAW
P. O. BOX 216
BURLINGTON, VERMONT
05402-0216

1

> to another unless one's conduct has inflicted some
> accompanying physical harm. The underlying premise of
> the economic loss rule is that negligence actions are best
> suited for resolving claims involving unanticipated physical
> injury, particularly those arising out of an accident.
> Contract principles, on the other hand, are generally more
> appropriate for determining claims for consequential
> damage that the parties have, or could have, addressed in
> their agreement.

Id. quoting Gus' Catering, Inc. v. Menusoft Systems, 171 Vt. 556, 762 A.2d 804 (2000). Id. quoting Spring Motors Distribs. V. Ford Motor Co., 98 N.J. 555, 489 A.2d 660, 672 (1985). "The economic-loss rule serves to maintain the boundary between contract law, which is designed to enforce parties' contractual expectations, and tort law, which is designed to protect citizens and their property by imposing a general duty of reasonable care." Hamil v. Pawtucket Mut. Ins. Co., 179 Vt. 250, 254, 892 A2d 226, 228 (2005).

Consistent with this rationale, this Court and the Second Circuit Court of Appeals, interpreting Vermont law, have applied the economic loss rule to negligence and negligent misrepresentation claims. See Vermont Country Foods, Inc. v. So-Pak-Co., Inc, Case No. 1:02-cv-00083170 (Hon. J. Murtha 2004) (barring tort claims for negligent misrepresentation and conversion under Vermont's economic loss rule) (unpublished) (attached) aff'd 170 Fed.Appx. 756 (2nd Cir. 2006) (unpublished summary order) (attached); City of Burlington v. Zurn Industries, Inc., 135 F.Supp.2d 454 (D. Vt. 2001) (barring tort claims for negligence and negligent misrepresentation under Vermont's economic loss rule) (attached).

The same application of the economic loss rule is warranted in the present case because Plaintiff's complaint alleges only economic losses sustained pursuant to its contract with the

HEILMANN, EKMAN
& ASSOCIATES, INC.
ATTORNEYS AT LAW
P. O. BOX 216
BURLINGTON, VERMONT
05402-0216

owner and does not allege a sufficient legal relationship with Wilson & Associates. Plaintiff alleges in its Complaint that on August 1, 2005, Spruce Peak Realty, LLC (hereinafter "the Owner") executed a guaranteed maximum price contract by which the Owner hired Plaintiff to provide construction services for a hotel and spa called Stowe Mountain Lodge in Stowe, Vermont (hereinafter "the Project"). See Complaint at ¶¶ 8-12. Plaintiff also alleges in its Complaint that the Owner executed a contract with Wilson & Associates by which Wilson & Associates was to provide the Owner with interior design services for the Project. See Complaint at ¶ 23. According to Plaintiff, Wilson & Associates negligently failed to deliver its interior design drawings in a timely fashion, negligently prepared interior design drawings that were incomplete and contained errors and omissions, and negligently failed to promptly respond to Plaintiff's requests for information, shop drawings, and submittals. See Complaint at ¶¶ 66-68. Plaintiff also alleges that Wilson & Associates is liable for negligent misrepresentation because it delivered interior design drawings that were inaccurate and contained errors and omissions. See Complaint at ¶¶ 70-75. Plaintiff alleges that as a result of the asserted negligence and negligent misrepresentations by Wilson & Associates, it was subject to "cost overruns and delays" on the project that have resulted in monetary loss to Plaintiff. See Complaint at ¶¶ 28, 29, 30, 67, 69, 73, and 76. Notably, Plaintiff does **not** allege that it suffered physical harm, such as property damage, personal injury, or loss of life and does **not** allege that it had a contractual or special relationship with Wilson & Associates. See Complaint. Because Plaintiff alleges only economic losses sustained pursuant to its contract with the Owner and does not allege a contractual relationship or a special relationship with Wilson & Associates allowing recovery of economic losses, this Court should dismiss Plaintiff's claims pursuant to the economic loss rule.

HEILMANN, EKMAN
& ASSOCIATES, INC.
ATTORNEYS AT LAW
P. O. BOX 216
BURLINGTON, VERMONT
05402-0216

In support of this request, Wilson & Associates adopts and incorporates the legal arguments, factual representations, and supporting documents raised in the <u>Memorandum of Law in Support of the Motion of Brennan Beer Gorman / Architects, P.C., S. DeSimone Consulting Engineers, LLC and Cosentini Associates, Inc. to Dismiss the Complaint Pursuant to Fed. R. Civ. P. 12(b)(6)</u>. The arguments, representations, documents raised therein apply equally to Wilson & Associates.

WHEREFORE Wilson & Associates respectfully requests that the Court issue an Order dismissing all claims raised by Plaintiff against Wilson & Associates.

DATED at Burlington, Vermont this 25th day of June 2008.

Respectfully submitted,

HEILMANN, EKMAN & ASSOCIATES, INC.

By: *[signature]*
James M. Cooley, Esq.
Attorney's for Wilson & Associates, LLC
231 South Union Street
Burlington, VT 05401
(802) 864-4555

HEILMANN, EKMAN
& ASSOCIATES, INC.
ATTORNEYS AT LAW
P. O. BOX 216
BURLINGTON, VERMONT
05402-0216